IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMELIA J. KNOTT,**

    **Plaintiff,**

v.      **CIVIL ACTION NO:** 1:20-CV-57
    **JUDGE:** Keeley

**BOOKHOLDERS, LLC,**
**and JOHN DOE,**

    **Defendants.**

ELECTRONICALLY FILED
Mar 30 2020
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

COMES NOW, Plaintiff, Amelia J. Knott, by and through counsel Jonathan Wesley Prince and Samuel D. Madia of SHAFFER MADIA LAW, PLLC, upon information and belief, states and alleges as follows for her Complaint against Defendants, BOOKHOLDERS, LLC and JOHN DOE:

## PREFACE

1. This is an action against Bookholders, LLC (hereinafter "Bookholders") and John Doe (collectively referred to as, "Defendants") arising from their breach of duties owed to Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1, *et seq.*

## PARTIES

2. Plaintiff, Amelia Knott, was at all times relevant herein a resident of West Virginia.

3. Defendant, Bookholders, LLC, is a limited liability company chartered in Delaware with its principal office address at 2137 Hallmark Drive, Gambrills, Maryland 21054. Bookholders is licensed to do business in West Virginia and its registered agent for service of process is **John Verde 2137 Hallmark Drive, Gambrills, Maryland, 21054**. At all times material herein,

Bookholders regularly and purposefully transacted business in West Virginia, including specific business activities in Monongalia County, West Virginia.

4. Defendant John Doe, upon information and belief, is a resident of West Virginia and at all relevant times herein, served as the manager of the Bookholders located at 1370 University Avenue, Morgantown, West Virginia 26505.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

6. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events giving rise to this cause of action occurred in this judicial district, and upon information and belief, John Doe resides in this judicial district.

## FACTS

7. Plaintiff began working for Defendants on or around January 3, 2020 until her separation on or around January 28, 2020.

8. Plaintiff reported to Defendants' Morgantown, West Virginia location at 1370 University Avenue, Morgantown, West Virginia 26505.

9. Plaintiff agreed to work for Defendants for ten dollars ($10.00) per hour for her first two shifts and eight dollars and seventy five cents ($8.75) per hour for each shift thereafter.

10. Defendants never paid Plaintiff, in full, for the work she performed.

11. Defendants failed to pay Plaintiff properly for overtime that she worked over forty hours in a workweek.

12. Defendants failed to pay Plaintiff timely for the work she performed.

13.     Defendants engaged in a pattern and practice of automatically deducting thirty minutes (30) from Plaintiff's time clock entries for a sham break despite not permitting Plaintiff to take a break.

14.     However, due to the demands of her employment with Bookholders, Plaintiff regularly worked during and/or through her entire unpaid break performing her duties, including, *inter alia*, stocking shelves, cleaning, and waiting on customers.

15.     On or about January 28, 2020, Plaintiff separated herself from employment with Defendants because she was not being paid and Defendants froze her out of the schedule.

16.     Following Plaintiff's separation, Defendants issued Plaintiff a paycheck #43249 dated January 31, 2020.  Defendants delivered this check to Plaintiff on or about February 12, 2020.

17.     Defendants not only issued paycheck #43249 untimely, but they also failed to pay Plaintiff her wages owed in full and overtime earned.

18.     In failing to properly compensate Plaintiff, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and WPCA provisions.

### COUNT I – VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.* - OVERTIME
*As to Bookholders, LLC*

19.     Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

20.     At all material times herein, Bookholders has been an employer within the meaning of 29 U.S.C. § 203(d).

21.     At all times material herein, Bookholders has been an enterprise within the meaning of 29 U.S.C. § 203(r).

22. At all times material herein, Bookholders has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because Bookholders has had and continues to have employees engaged in commerce.

23. Furthermore, Bookholders has an annual gross business volume of not less than $500,000.00.

24. At all times material herein, Plaintiff was an employee of Bookholders who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

25. Bookholders' failure to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) hours per workweek violates the FLSA. 29 U.S.C. § 207.

26. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Bookholders or Plaintiff.

27. Bookholders violated the FLSA by failing to pay Plaintiff overtime.

28. From Monday, January 6, 2020, through Sunday, January 12, 2020, Plaintiff worked at Bookholders a total of fifty six (56) hours and fifty (50) minutes.

29. From Monday, January 13, 2020, through Sunday, January 19, 2020, Plaintiff worked at Bookholders a total of forty eight (48) hours and fifty two (52) minutes.

30. Bookholders cannot demonstrate Plaintiff is exempt from overtime under the administrative exception.

31. Bookholders cannot demonstrate Plaintiff is exempt from overtime under the executive exception.

32. Bookholders cannot demonstrate Plaintiff is exempt from overtime under the professional exception.

33. Bookholders cannot demonstrate Plaintiff is exempt from overtime under the highly compensated exception.

34. Bookholders knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff overtime compensation.

35. Bookholders failure to pay overtime compensation to Plaintiff was neither reasonable, nor was the decision not to pay overtime made in good faith.

36. Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to 1.5 times her rate of pay, plus liquidated damages, attorney's fees and costs.

**COUNT II – VIOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.* – MINIMUM WAGE**
*As to Bookholders, LLC*

37. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

38. Pursuant to 29 U.S.C. 206 (a)(1)(C), the federal minimum wage is seven dollars and twenty-five cents ($7.25) per hour for each and every employee of Bookholders.

39. Plaintiff's wage during her employment with Bookholders should have been, at a minimum, seven dollars and twenty-five cents ($7.25) per hour.

40. Bookholders' time keeping software automatically deducts thirty (30) minutes of compensation from their employees for each and every shift their employees work in excess of five (5) hours if their employees do not clock out for a break.

41. During Plaintiff's employment with Bookholders, Bookholders' time keeping software automatically deducted eight (8) hours of compensation from Plaintiff for breaks which Plaintiff was never provided.

42.     Bookholders had a duty to compensate Plaintiff for the eight (8) hours of work Plaintiff performed during the "meal breaks" which were automatically deducted from Plaintiff's compensation and Plaintiff was never provided.

43.     On January 3, 2020, Plaintiff worked a total of six (6) hours and thirty four (34) minutes. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

44.     On January 6, 2020, Plaintiff worked a total of eight (8) hours and one (1) minute at Bookholders. However, the timekeeping software utilized by Defendants deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Defendant never permitted Plaintiff to take this break as required by law.

45.     On January 7, 2020, Plaintiff worked a total of eight (8) hours and fifty-five (55) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

46.     On January 8, 2020, Plaintiff worked a total of five (5) hours and twenty-seven (27) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

47. On January 9, 2020, Plaintiff worked a total of eight (8) hours and fifteen (15) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

48. On January 10, 2020, Plaintiff worked a total of seven (7) hours and fifty-five (55) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

49. On January 11, 2020, Plaintiff worked a total of eight (8) hours and thirty seven (37) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

50. On January 12, 2020, Plaintiff worked a total of nine (9) hours and forty (40) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

51. On January 9, 2020, Plaintiff worked a total of nine (9) hours and forty (40) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received.

However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

52. On January 13, 2020, Plaintiff worked a total of nine (9) hours and thirty-one (31) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

53. On January 14, 2020, Plaintiff worked a total of nine (9) hours and forty-eight (48) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

54. On January 15, 2020, Plaintiff worked a total of ten (10) hours and thirty-one (31) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

55. On January 16, 2020, Plaintiff worked a total of nine (9) hours and thirty-four (34) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

56. On January 17, 2020, Plaintiff worked a total of nine (9) hours and twenty-eight (28) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

57. On January 20, 2020, Plaintiff worked a total of seven (7) hours and twenty-one (21) minutes at Bookholders.

58. On January 21, 2020, Plaintiff worked a total of seven (7) hours and one (1) minute at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

59. On January 22, 2020, Plaintiff worked a total of three (3) hours and forty-one (41) minutes at Bookholders.

60. On January 23, 2020, Plaintiff worked a total of seven (7) hours and fifteen (15) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

61. On January 27, 2020, Plaintiff worked a total of eight (8) hours and twenty-eight (28) minutes at Bookholders. However, the timekeeping software utilized by Bookholders deducted thirty (30) minutes from the total time Plaintiff worked to account for a break Plaintiff

should have received. However, this was a sham break because Bookholders never permitted Plaintiff to take this break as required by law.

62. On January 28, 2020, Plaintiff worked a total of two (2) hours and two (2) minutes at Bookholders.

63. In total, Plaintiff performed one hundred forty-nine (149) hours and twenty-one (21) minutes of work for Bookholders.

64. As of the date of this filing, Bookholders has compensated Plaintiff only one thousand forty dollars and ninety cents ($1,040.90).

65. Therefore, Bookholders has paid Plaintiff a wage at a rate of six dollars and ninety seven cents ($6.97) per hour.

66. Bookholders cannot demonstrate the Plaintiff is exempt from receiving the federal minimum wage of seven dollars and twenty-five cents ($7.25) per hour under any exception.

67. By compensating Plaintiff a wage under seven dollars and twenty-five cents ($7.25) per hour for the hours Plaintiff worked at Bookholders, Bookholders violated the FLSA.

68. Bookholders knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff the federal minimum wage of seven dollars and twenty-five cents ($7.25) per hour.

69. Bookholders failure to pay Plaintiff the federal minimum wage of seven dollars and twenty-five cents ($7.25) per hour was neither reasonable, nor was the decision not to pay the federal minimum wage made in good faith.

70. Because Bookholders violated the FLSA by failing to compensate Plaintiff in accordance with the Federal Minimum Wage, Plaintiff has been damaged and is entitled to any and all damages detailed in 29 U.S.C. 201 *et seq*.

### COUNT III – VIOLATION OF THE FLSA, 29 U.S.C. 201, *et seq.* – BREAKS
*As to Bookholders, LLC*

71. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

72. Bookholders failure to compensate Plaintiff for the work she performed during the breaks that were automatically deducted from Plaintiff's time clock entries violates the FLSA.

73. Bookholders knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff for the breaks that were automatically deducted from Plaintiff's time clock entries.

74. Bookholders failure to pay Plaintiff the for the work she performed during the breaks that were automatically deducted from Plaintiff's time clock entries was neither reasonable, nor was the decision not to pay Plaintiff for the work performed during said breaks made in good faith.

75. Because Bookholders violated the FLSA by failing to compensate Plaintiff for the work she performed during the breaks which were automatically deducted from Plaintiff's time clock entries, Plaintiff has been damaged and is entitled to any and all damages detailed in 29 U.S.C. 201 *et seq.*

### COUNT IV – VIOLATION OF THE WPCA, W. Va. Code § 21-5-1, *et seq.*
*As to Bookholders, LLC and John Doe*

76. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

77. Defendants' failure to pay Plaintiff all of her employment wages owed in full following her separation from employment violates W. Va. Code § 21-5-4(b).

78. John Doe knowingly permitted Defendants to violate the WPCA and is liable to Plaintiff as contemplated by *Mullins v. Venable*, 171 W. Va. 92 (1982).

79. Defendants' conduct in violating the WPCA entitles Plaintiff to liquidated damages and to her attorneys' fees and costs pursuant to W. Va. Code §§ 21-5-4 and 21-5-12.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Damages set forth in this Complaint, including all remedies afforded under the FLSA and WPCA;

B. Pre and post judgment interest as provided by law;

C. Liquidated damages; and

D. Attorneys' fees and costs;

E. Such further relief as this court may deem just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues triable to a jury.

Plaintiff,
*Amelia J. Knott*
By Counsel:

*s/Jonathan Wesley Prince*
_____
Samuel. D. Madia (W.Va. Bar #10819)
Jonathan Wesley Prince (W.Va. Bar # 13250)
**SHAFFER MADIA LAW, PLLC**
1056A Maple Drive
Morgantown, WV 26505
P: (304) 622-1100; F: (304) 599-5859
sam@shaffermadialaw.com
wes@shaffermadialw.com
***Counsel for Plaintiff***